IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RONNELL A. GREGORY, )
a/k/a RONNELL ANTONIO )
MUHAMMAD )
                            )
    Plaintiff, )
                            )
v. )   Civil Action No. 3:19CV520–HEH
                            )
KATHERINE SCHUPPIN, )
                            )
    Defendant. )

## MEMORANDUM OPINION
### (Dismissing Civil Action with Prejudice)

Ronnell A. Gregory, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. Here, in his initial pleading to this Court, Gregory indicates that he is "filing this Criminal Complaint . . . because nobody in Virginia Beach, Va. will file[] this against the Commonwealth Attorney, Katherine Schuppin." (ECF No. 1, at 1.) Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Gregory's action. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996)

(emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). "[T]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–CV–195–KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Gregory as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the action will be dismissed as frivolous.

The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: July 26, 2019
Richmond, Virginia